

# NUMBER 13-26-00125-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CITY OF FALFURRIAS,**                                                                    **Appellant,**

**v.**

**JAVIER TOVIAS AND
HECTOR GARZA,**                                                                           **Appellees.**

---

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca
Memorandum Opinion by Justice Fonseca**

Appellant the City of Falfurrias (the City) appeals from the trial court's denial of its plea to the jurisdiction and motion for traditional summary judgment. Appellees Javier Tovias and Hector Garza sued the City under the Texas Tort Claims Act (TTCA) after a vehicular accident with an on-duty police officer. By two issues, the City contends that the

trial court should have granted its plea to jurisdiction because (1) it had no timely notice of appellee's claim, and (2) its immunity is retained under the TTCA's emergency response exception. We reverse and render.

## I.    BACKGROUND

On the evening of December 3, 2016, City police officer Gilbert Guzman Jr. responded to a distress call reporting that another officer was being threatened with a knife. Guzman activated the emergency lights on his vehicle and began driving south on Business 281 in Falfurrias. As he approached West Adams Street, the traffic light was red, so Guzman activated his siren and moved into the northbound lanes to go around the vehicles ahead of him which were stopped at the light. Before Guzman traversed the intersection, the light turned green, and as he crossed West Adams Street, he moved back into the southbound lanes of Business 281 to avoid northbound vehicles which were stopped at the light. At this time, Tovias was approaching the intersection travelling north in his Chevrolet truck, with Garza as a passenger. Shortly after Guzman crossed the intersection, Tovias turned left from the northbound lanes, attempting to pull into a parking lot on the west side of Business 281. The vehicles collided.

Appellees filed suit on November 28, 2018, alleging in part that they suffered injuries as a result of Guzman negligently driving the police vehicle at issue. They named the City and Guzman as defendants. The City filed a plea to the jurisdiction and motion for traditional summary judgment alleging the TTCA's waiver of governmental immunity does not apply because: (1) the City had no formal or actual notice of appellees' claim, see TEX. CIV. PRAC. & REM. CODE §§ 101.101; and (2) appellees' claim falls within the TTCA's emergency response exception. See id. § 101.055(2).

2

Evidence attached to the City's plea included a video and audio recording of the incident taken from Guzman's bodycam. It also included a written police crash report stating that appellees "failed to yield right of way turning left," Tovias "had been drinking and refused to provide a sample of his blood or breath,"[1] and three individuals were taken by "AirMed EMS" to local hospitals. The crash report does not indicate that Guzman was in any way at fault for the collision. The City also produced affidavits by its assistant police chief and its city secretary, each stating there was nothing in the crash report "which either did or does lead me to hold a subjective belief that either [Guzman] or the [City] was responsible for the motor vehicle accident that occurred." The secretary further averred that "a claim was made against [Tovias's] insurance company for damage done to the [City] vehicle" and "[Tovias's] insurance company paid for the cost of repairing the [City] vehicle."[2]

Appellees filed a response to the plea arguing in part that the City had "actual notice" of their TTCA claim for the following reasons:

- Officer Guzman was acting in the course and scope of his employment.

- The accident involved serious injuries and vehicle damage, all documented in the Crash Report and EMS records.

- The Crash Report . . . indicated Officer Guzman was operating his vehicle southbound in a northbound lane and failed to yield the right-of-way. This contradicts the City's claim that Tovias was solely at fault.

- The City's own Assistant Chief and City Secretary acknowledged the collision in their affidavits, demonstrating knowledge of the event and the City's involvement.

---

[1] At the plea hearing, the City's counsel noted that no citation for driving while intoxicated was issued as a result of the collision.

[2] Appellees did not object to any of the affidavit testimony.

3

Appellees further argued the emergency response exception did not apply because:

- Officer Guzman drove southbound in the northbound lane of a major highway at a high rate of speed (well above the posted limit), while weaving through traffic.

- He ran a red light at the intersection of Business U.S. 281 and West Adams Street.

- He failed to yield to northbound traffic with a green light and struck Plaintiff's vehicle head-on.

No additional evidence was attached to the response. The City filed a reply to the response, and appellees filed a sur-reply, neither of which contained any additional evidence.

After a hearing on June 17, 2025, the trial court denied the City's plea to the jurisdiction and motion for summary judgment. This accelerated interlocutory appeal followed. *See id.* § 51.014(a)(8) (allowing a governmental unit to appeal an interlocutory order denying its plea to jurisdiction).[3]

## II.    DISCUSSION

### A.    Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020). The plaintiff has the initial burden to plead facts affirmatively showing the trial court has jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022) (explaining a plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as

---

[3] Appellees have not filed a brief to assist us in the resolution of this appeal.

true the factual allegations in the pleadings. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28. But if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

## B.    Applicable Law

Under the doctrine of sovereign immunity, courts lack subject matter jurisdiction over suits against political subdivisions of the State, such as the City, unless immunity has been clearly and unambiguously waived by the legislature. *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (noting the doctrine is referred to as "governmental immunity" when relating to subdivisions of the State); *see Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) ("[N]o state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." (quoting *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847))); *see also* TEX. GOV'T CODE § 311.034. Immunity from suit is properly asserted through a plea to the jurisdiction. *See City of Houston*, 549 S.W.3d at 576; *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).

The TTCA clearly and unambiguously waives governmental immunity to suits for damages "proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment" if the damages "arise[] from the

5

operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE §§ 101.021(1), .025.

But "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034; *see Colquitt v. Brazoria County*, 324 S.W.3d 539, 543 (Tex. 2010) (per curiam) (noting compliance with TTCA notice provisions is jurisdictional). And a governmental unit is generally "entitled to receive notice" of a TTCA claim made against it "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE § 101.101(a). Such formal notice "must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *Id.* However, the formal notice requirement under TTCA section 101.101(a) "do[es] not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." *Id.* § 101.101(c).[4]

> Moreover, the TTCA's waiver of immunity does not apply to a claim arising
>
> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

---

[4] A governmental unit has "actual notice" under this statute if it has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Reyes v. Jefferson County*, 601 S.W.3d 795, 798 (Tex. 2020) (per curiam). Knowledge of fault is established when the governmental unit has "subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 65 (Tex. 2019). "Fault, as it pertains to actual notice, is not synonymous with liability; rather, it implies responsibility for the injury claimed." *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Est. of Arancibia*, 324 S.W.3d 544, 550 (Tex. 2010); *see Worsdale*, 578 S.W.3d at 68 ("The critical inquiry is the governmental unit's actual anticipation of an alleged claim rather than subjective confirmation of its actual liability.").

*Id.* § 101.055(2).

## C. Analysis

As noted, the City asserted in its plea that the TTCA's waiver of immunity does not apply for two reasons: (1) lack of notice under section 101.101, and (2) the emergency response exception under section 101.055(2). The City's two issues on appeal parallel these arguments. We address the second issue first because it is dispositive.

Appellees have never disputed that Guzman was "responding to an emergency call or reacting to an emergency situation" at the time of the collision. *See Jefferson County v. Hadnot*, 699 S.W.3d 787, 797 (Tex. App.—Beaumont 2024, no pet.) (noting "the TTCA's emergency exception should be interpreted broadly to avoid excluding 'emergencies the Legislature might have intended to include'" (quoting *City of San Antonio v. Hartman*, 201 S.W.3d 667, 673 (Tex. 2006))); *see also Jefferson County v. Hudson*, No. 09-11-00168-CV, 2011 WL 3925724, at *3 (Tex. App.—Beaumont Aug. 25, 2011, no pet.) (mem. op.) (concluding the Legislature intended for "emergency" to mean "unforeseen circumstances that call for immediate action"). Thus, for the emergency response exception to apply, there must be proof that the Guzman's actions were "in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance," were "not taken with conscious indifference or reckless disregard for the safety of others." TEX. CIV. PRAC. & REM. CODE § 101.055(2).

Here, there are laws and ordinances applicable to Guzman's actions. Specifically, Texas Transportation Code section 546.001 permits the operator of an authorized emergency vehicle to "proceed past a red or stop signal or stop sign, after slowing as necessary for safe operation"; to "exceed a maximum speed limit, . . . as long as the

operator does not endanger life or property"; and to "disregard a regulation governing the direction of movement or turning in specified directions." TEX. TRANSP. CODE § 546.001(2)–(4). In general, when engaging in any of this conduct, the operator must use "audible or visual signals" in accordance with his employer's policy. *See id.* § 546.003. That said, the operator is not relieved of the "consequences of reckless disregard for the safety of others." *Id.* § 546.005(2).

Appellees argued in their summary judgment response that "[d]riving on the wrong side of the road, into oncoming traffic, while running a red light raises a triable issue of fact as to whether Officer Guzman acted with reckless disregard." They cited cases which they claim held that "driving on the wrong side of the road, through a red light, at a high rate of speed, particularly in populated areas, can support a finding of recklessness." *See Perez v. Webb County*, 511 S.W.3d 233, 238 (Tex. App.—San Antonio 2015, pet. denied) (finding there was a fact issue as to the emergency response exception where the officer "entered the . . . intersection despite knowing he had a blind spot that blocked his view of [appellant]" and the officer "agreed he should brake as necessary if he had a blind spot blocking his view of oncoming traffic and had time to stop when driving through a red light"); *Quested v. City of Houston*, 440 S.W.3d 275, 286 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding, where officer "almost went over the side of the bridge to try to avoid hitting [appellant's] vehicle," that the evidence conclusively established the emergency response exception applied even though the officer "would not have rear-ended [appellant] if he had been driving slowly enough and far enough away from [appellant] to avoid hitting her").

We disagree that the evidence generated a material issue of disputed fact in this

8

respect. "[C]onscious indifference or reckless disregard for the safety of others" means that "a party knew the relevant facts but did not care about the result." *Hartman*, 201 S.W.3d at 672 n.19. There must be a showing that the operator "committed an act that the operator knew or should have known posed a high degree of risk of serious injury." *City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex. 1998); *Tex. Dep't of Pub. Safety v. Sparks*, 347 S.W.3d 834, 838 (Tex. App.—Corpus Christi–Edinburg 2011, no pet.). In assessing the operator's conduct, courts may not engage in "judicial second-guessing for momentary lapses in judgment by emergency personnel responding to emergency situations." *Kaufman County v. Leggett*, 396 S.W.3d 24, 28–29 (Tex. App.—Dallas 2012, pet. denied). The record lacks any evidence to support such a finding.

The bodycam recording shows that, as Guzman was travelling south on Business 281, there were vehicles stopped at a red light, so he temporarily moved into the oncoming northbound lanes, with his emergency lights and siren activated. This conduct is authorized by statute. *See* TEX. TRANSP. CODE §§ 546.001(4), .003. The light turned green before Guzman entered the intersection, and as he crossed it, he reduced his speed and returned to the southbound lane.[5] About one second later, Tovias pulled out from behind a northbound vehicle which had stopped at the red light, turned in front of Guzman, and made contact with Guzman's patrol unit. Contrary to the representations made in appellees' plea response, the evidence shows Guzman did not run a red light, nor was he "driving on the wrong side of the road" or "into oncoming traffic" at the time of the collision. *Perez* is distinguishable on this basis. *See* 511 S.W.3d at 238.

---

[5] The speed limit on this section of Business 281 is not discernable from the record, nor is Guzman's exact speed at the time of the collision.

9

Further, though appellees claimed the crash report "indicated [Guzman] failed to yield the right-of-way" to Tovias, it does nothing of the sort. Instead, the crash report exclusively faults Tovias for failing to yield the right-of-way to Guzman, which is fully consistent with the law applicable in this situation. *See* TEX. TRANSP. CODE § 545.156(a-1) ("On the immediate approach of a[n authorized emergency vehicle], an operator, unless otherwise directed by a police officer, shall: (1) yield the right-of-way; (2) immediately drive to a position parallel to and as close as possible to the right-hand edge or curb of the roadway clear of any intersection; and (3) stop and remain standing until the authorized emergency vehicle has passed."). The evidence does not support a finding that Guzman knew or should have known his actions "posed a high degree of risk of serious injury" or that he did not care about the result of his actions. *See Hartman*, 201 S.W.3d at 672 n.19; *Martin*, 971 S.W.2d at 429–30. On the contrary, it shows Guzman's conduct followed the law concerning emergency action.

We conclude the summary judgment evidence establishes as a matter of law that Guzman (1) complied with applicable laws and ordinances regarding emergency action, and (2) did not act with conscious indifference or reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM. CODE § 101.055(2); TEX. TRANSP. CODE § 546.005(2). Therefore, the TTCA's emergency response exception applies, and the City retained its governmental immunity to appellees' suit. *See Miranda*, 133 S.W.3d at 228; *Garcia*, 372 S.W.3d at 635. The City's second issue is sustained.[6]

---

[6] In light of our conclusion, we do not address the City's first issue regarding notice of the claim under TTCA section 101.101. *See* TEX. R. APP. P. 47.1.

### III.  CONCLUSION

The trial court's judgment is reversed. We render judgment granting the City's plea

to the jurisdiction and dismissing all of appellees' claims with prejudice.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
6th day of August, 2026.